UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
BEATRICE BRACE

                              Plaintiff

    -against-

                                              SECOND AMENDED
                             COMPLAINT
                                         PLAINTIFFS DEMAND
THE CITY OF NEW YORK, DETECTIVE         TRIAL BY JURY
ANDREW FAGO, Sh. # 2171 ,                        12-cv-6466
DETECTIVE BRENDAN O'BRIEN,  DETECTIVE
VINCENT ORSINI, Sh. #5859, DETECTIVE RAYMOND WITTICK
, DETECTIVE STEPHANIE  SANCHEZ
SH. # 03033 , DETECTIVE CORNELIUS BUCKLEY, Sh. # 3282
DETECTIVE JOSEPH RYAN, Sh. # 06479, DETECTIVE
ANDREW KINSELLA, Sh. # 01168, DEPUTY INSPECTOR
ROBERT HANSEN, DETECTIVE CESAR BRENES,
DETECTIVE NELVA CENTENO , SGT CHERNOFSKY
and P.O. JOHN DOE 1-15

                              Defendants
------------------------------------------------------------------------X

MICHAEL COLIHAN- ATTORNEY AT LAW

                                                             44 Court Street
                                                                  Suite 906
                                                 Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
BEATRICE BRACE

                         Plaintiff

    -against-

                                                                         SECOND AMENDED
                                                                          COMPLAINT
                                                                          PLAINTIFFS DEMAND
THE CITY OF NEW YORK, DETECTIVE             TRIAL BY JURY
ANDREW FAGO, Sh. # 2171 ,
DETECTIVE BRENDAN O'BRIEN,  DETECTIVE        12-cv-6466
VINCENT ORSINI, Sh. #5859, DETECTIVE RAYMOND WITTICK
, DETECTIVE STEPHANIE  SANCHEZ
SH. # 03033 , DETECTIVE CORNELIUS BUCKLEY, Sh. # 3282
DETECTIVE JOSEPH RYAN, Sh. # 06479, DETECTIVE
ANDREW KINSELLA, Sh. # 01168, DEPUTY INSPECTOR
ROBERT HANSEN, DETECTIVE CESAR BRENES,
DETECTIVE NELVA CENTENO , SGT CHERNOFSKY
and P.O. JOHN DOE 1-15

                        Defendants
-------------------------------------------------------------------------X


**PRELIMINARY STATEMENT**

      1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiff BEATRICE BRACE. In this action, the plaintiff was falsely arrested . She was never told the reason for her arrest. This arrest was assigned Richmond County Criminal Court Docket Number

2011RI010967. She was falsely arrested on or about December 8, 2011and wrongfully incarcerated for approximately 24 hours. She suffered serious and severe physical and psychological injuries, the full nature and extent have yet to be determined.. The plaintiff did not consent to the confinement and it was not otherwise privileged.. The charges against her were eventually dismissed before the Hon. Charles Troia in Part AP- 1 of the Criminal Court of the City of New York & County of Richmond.  By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law

  2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

  3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law"

N.Y. Gen. Mun. Law Section 50- e (1) n(b)

## PARTIES

4. That at all times hereinafter mentioned, the plaintiff BEATRICE BRACE was and still is a resident of the City & State of New York.

5. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

6. That the defendant DETECTIVE ANDREW FAGO, Sh. # 2171, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

7. That the defendant DETECTIVE ANDREW KINSELLA, Sh. # 01168, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

8. That the defendant DETECTIVE CORNELIUS BUCKLEY, Sh. # 3282, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

9. That the defendant DETECTIVE BRENDAN O'BRIEN, Sh. # 6356, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

10.. That the defendant DETECTIVE VINCENT ORSINI, Sh # 03033, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

11. That the defendant DETECTIVE JOSEPH RYAN, Sh. # 06479, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

12. That the defendant DETECTIVE RAYMOND WITTICK was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

13.. That the defendant DETECTIVE STEPHNIE SANCHEZ, Sh. # 03033, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK..

14.. That the defendant DEPUTY INSPECTOR ROBERT HANSEN was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK

15.. That the defendant DETECTIVE CESAR BRENES, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

16. That the defendant DETECTIVE NELVA CETENO, was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

17. That the defendant SGT CHERNOFSKY was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK

18.. That the defendant POLICE OFFICER JOHN DOE 1-10 was & is an agent, servant & employee of the defendant THE CITY OF NEW YORK.

## STATEMENT OF RELEVANT FACTS

19. That on or about the 8th day of December, 2011 at about 5:30 am the plaintiff was lawfully at or near 205 Targee Street in the County of Richmond, City and State of New York. The plaintiff was committing no crime at that time and was not acting in a suspicious manner. She was lawfully in her own home.

20. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to POLICE OFFICER JOHN DOE 1-10 .

21. That the plaintiff was wrongfully incarcerated for about 24 hours. She was never informed what the charges were. She was prosecuted under docket number 2011RI010967 of the Criminal Court of the City of New York & County of Richmond. The charges included violation of New York State Penal Law 265.03, 221. 05 and other related charges

22. While the plaintiff was being held, her designated " arresting officer"BRENDAN O'BRIEN, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

23. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

24. Upon information and belief, defendants misrepresented to the Richmond County District Attorney's Office and the Criminal Court of the City of New York and County of Richmond that the plaintiff had committed one or more offenses.  Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest..

25. That on or about 27th day of January, 2012 the underlying criminal action was dismissed before the Hon. Charles Troia in the Criminal Court of the City of New York & County of Richmond..

26.  That by reason of the foregoing the plaintiff suffered wrongful incarceration, loss of liberty, and suffered  serious and severe physical and psychological injuries, some of which,

upon information & belief are permanent in nature.

### FIRST CLAIM OF FALSE ARREST AND IMPRISONMENT AND ASSAULT UNDER STATE LAW AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED POLICE OFFICERS

27. Plaintiff repeats the foregoing allegations

28. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

29. Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest.

30.. Accordingly, defendant are labile to plaintiffs under New York State for false arrest and imprisonment, as per the Fourth Amendment, as well as personal injury because of the fact they assaulted her..

### SECOND CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

27. Plaintiff repeats the foregoing allegations

31. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

32. Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest.

33. Defendant's actions in making false allegations against the plaintiff ,in injuring her, in arresting her, in incarcerating her, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

34. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress.

### THIRD CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

35. Plaintiff repeats the foregoing allegations

36. At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

37. Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest.

38 Defendant's actions in making false allegations against the plaintiff, in injuring her, in arresting her, in incarcerating her, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

39. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress.

### FOURTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

40. Plaintiff repeats the foregoing allegations

41. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable arrest , excessive force, summary punishment without trial & due process of law.

42.  Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

### FIFTH CLAIM- MONELL VIOLATION

43. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44.. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

45.. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

46. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD,  and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

47. A number of members of the New York City Police Department have been

convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

48. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

49. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

50 .In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

51. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

52. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

53.. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

54. At all times material to this complaint, defendant THE CITY OF NEW YORK

failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants . The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

55. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

March 15, 2013.

------------------/s/--------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 906

Brooklyn, NY 11201

(718) 488-7788

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street

Suite 906

Brooklyn, New York 11201

Phone (718) 488-7788

Clerk of the Court

Civil Filings                           RE: Brace  v NYC et al

United States District Court

Southern District of New York           January 15, 2013.

500 Pearl Street

NY, NY 10038

Dear Mesdames & Sirs:

      I represent the plaintiff in this action. I have enclosed the first amended complaint in this action commence an action in this court. Please stamp and return the copy in the SASE.

I thank the Court for its time and attention.

MC/ll                                                Very Truly Yours,

.

                                                         Michael Colihan